IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LESTER G. MURPHY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:08-1122 |
| | ) JUDGE ECHOLS/KNOWLES |
| | ) |
| HUMPHREYS COUNTY JUVENILE | ) |
| COURT, JUDGE ANTHONY | ) |
| SANDERS, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion for Summary Judgment" filed by the pro Plaintiff. Docket No. 18. Defendants Anthony Sanders and Viola Miller have filed Responses in Opposition to the Motion. Docket Nos. 21, 23.

Plaintiff has failed to comply with Local Rule 56.01(b), which requires that a Motion for Summary Judgment be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Additionally, while Plaintiff has filed a list of "citations," these are simply quotes from various state and federal statutes, and Plaintiff has filed to comply with Local Rule 7.01(a) by failing to file a Memorandum of Law.

While Plaintiff has a section in his Motion headed "Facts," none of these facts is supported by citations to the record, many of the alleged facts are simply argument, and it is apparent from the record that any of these alleged facts are disputed. Docket No. 23.

Plaintiff has not shown that he is entitled to a judgment as a matter of law.

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for Summary Judgment" (Docket No. 18) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge