IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LESTER G. MURPHY, SR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-01122 |
| | ) | Judge Knowles / Echols |
| | ) | |
| THE HONORABLE ANTHONY SANDERS, | ) | |
| HUMPHREYS COUNTY JUVENILE COURT; | ) | |
| MIKE LEAVITT, US DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES; AND | ) | |
| VIOLA P. MILLER, COMMISSIONER FOR | ) | |
| THE TENNESSEE DEPARTMENT OF | ) | |
| CHILDREN'S SERVICES, ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.  Introduction and Background**

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant Anthony Sanders, Humphreys County Juvenile Court Judge ("Defendant").  Docket Entry No. 21.  In support of that Motion, Defendant has contemporaneously filed a Memorandum of Law (Docket Entry No. 21-1), a Statement of Undisputed and Material Facts (Docket Entry No. 21-2), and 11 Exhibits (Docket Entry Nos. 21-3 - 21-13).

Plaintiff has filed a Response to Defendant's Motion for Summary Judgment (Docket Entry No. 25), but has not responded to Defendant's Statement of Undisputed and Material Facts.

Defendant has filed a Reply.  Docket Entry No. 29.

1

Plaintiff filed this pro se action alleging, *inter alia*, that Defendants violated his parental rights, and that the Juvenile Court and the "agencies involved" failed to follow due process procedures. Docket Entry No. 1. Plaintiff essentially complains that, as part of his 1993 divorce, his former wife was granted custody of their two minor children. She was living at the residence of her father, Larry W. Baker, who allegedly threatened Plaintiff with physical injury or being jailed.

Some thirteen years later, presumably in 2006, Plaintiff discovered that Mr. Baker had taken custody of the minor children from Plaintiff's ex-wife "some ten years prior." Plaintiff learned, however, that the children had "expressed an interest in coming to live with Plaintiff." Plaintiff, therefore, filed a petition for custody of the children on March 30, 2007. He avers that, on the first hearing date, he "was jailed." Mr. Baker also discouraged Plaintiff from pursuing the petition for custody.

In January 2008, one of the children ran away from the Bakers, came to Nashville, and expressed the desire to live with Plaintiff. Plaintiff stated that such a move would required "legal proceedings," whereupon the child "threatened to kill himself if Plaintiff returned him to Larry Baker." The child, however, was "released" to Mr. Baker. Plaintiff further states:

> In October 2008, Plaintiff received two letters from Child Support Enforcement in Ashland City. The letters stated a revocation of Plaintiff's driver's license would occur if payment [presumably of past child support] was not made. After contacting Child Support Enforcement, Plaintiff went to the Humphrey's County Juvenile Clerk and obtained a copy of the judgment for support and arrearage on October 24, 2008.

Docket No. 1, p. 4.

Plaintiff seeks: 1) custody of his minor children; 2) declaratory relief; 3) injunctions

2

including a provisional remedy against all parties who can escalate punitive actions against Plaintiff; 4) reversal of support arrearage judgment; 5) a "writ of Pendent Jurisdiction against Humphreys County Juvenile Court and the Tennessee Department of Children's Services"; 6) $4,000,000.00 in compensatory damages; 7) $10,000,000.00 in punitive damages; 8) that the State of Tennessee provide 10 years of family and individual counseling services for Plaintiff's family; 9) the "appointment of a Special Prosecutor to investigate criminal wrongdoing and to discover who perpetrated the acts in question, and to discover if there are other cases where such monumental abuses of discretion exit"; and 10) Court appointed counsel. *Id.*

Defendant Sanders filed his Motion for Summary Judgment and supporting materials on January 30, 2009. Docket Entry Nos. 21 - 21-13. Defendant Sanders argues that he is immune from suit because of sovereign, judicial, and/or qualified immunity. Docket Entry No. 21. He also argues that this Court lacks subject matter jurisdiction to consider Plaintiff's claims for reversal of the "support arrearage judgment," any declaratory and/or injunctive relief related thereto, or to grant custody of Plaintiff's children. *Id.* Defendant additionally argues that Plaintiff lacks standing to request injunctive relief against all parties that might bring a punitive damages claim against him, as there is no showing of "immediate danger." *Id.* Finally, Defendant argues that, 1) he is not a proper defendant to any state law claims pursuant to the Tennessee Governmental Tort Liability Act; 2) Plaintiff's civil rights claims are time-barred and barred by the equitable doctrine of laches; and 3) the Court should decline to exercise supplemental jurisdiction over any pendent state law claims because Plaintiff's federal claims fail as a matter of law. *Id.*

Plaintiff filed his Response to Defendant Sanders' Motion for Summary Judgment on

3

February 19, 2009.  Docket Entry No. 25.  Plaintiff argues that he did not initiate divorce proceedings from his wife, did not lose his parental rights when he lost physical custody of his children, did not voluntarily relinquish his parental rights when he stopped trying to visit his children and when he stopped paying child support, and had a verbal agreement with his ex-wife to suspend child support payments while the children were in their grandfather's care.  *Id.*  He further argues that the Court and the Department of Children's Services ("Department") had a duty to continue their intervention on behalf of Plaintiff's children and that Defendant acted outside his judicial capacity when he relieved the Department of conducting periodic reviews and updates of the case plan for the children when such action was "statutorily required." *Id.*

Plaintiff also argues that the Department had a duty to continue providing "protective services," despite the Judge's Order, that the Court and/or the Department was required to contact him, and that the Judge's child support arrearage ruling cannot stand because he was not properly served with any document requiring his presence in Court.  *Id.*

Plaintiff additionally maintains that, as a parent, he was entitled to due process concerning a change in the custody circumstances of his children.  *Id.*  Plaintiff argues that Defendant is not entitled to any type of immunity.  *Id.*  Finally, Plaintiff argues that this Court has jurisdiction over the case and has jurisdiction to grant him custody of his minor children, that his action is not time-barred, and that his case meets the Summary Judgment standard of review. *Id.*      Defendant filed his Reply on February 26, 2009.  Docket Entry No. 29.  In his Reply, Defendant notes that Plaintiff's underlying State Court action was a custody and back child support proceeding, and he argues that Plaintiff seeks review of those final State Court judgments in Federal District Court and seeks damages from Defendant Sanders, neither of
4

which is available to him. Docket Entry No. 29. Defendant also argues that Plaintiff's claim that he is not complaining of the State Court judgment itself, but rather, the violation of his due process rights inherent in the U.S. Constitution, therefore giving this Court jurisdiction pursuant to 28 U.S.C. 1331, was specifically refuted in *Lawrence v. Welch*, 531 F.3d 364, 371 (6th Cir. 2008), which held that a Federal District Court cannot decide a Constitutional issue if it requires the finding that the underlying State Court judgment was improper. *Id.* Defendant notes that Plaintiff asks this Court to find that the application (or misapplication) of Tennessee law to the particular facts of his case deprived him of his Constitutional rights, and he contends that the *Rooker-Feldman* doctrine[1] should appropriately be applied to protect the integrity and sovereignty of State Court judgments. *Id.* Finally, Defendant Sanders argues that he is entitled to absolute judicial immunity because he acted within his official judicial capacity in a matter over which he had proper jurisdiction. *Id.*

For the reasons discussed below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts[2]

Plaintiff and his wife divorced in August 1993. "Absolute and exclusive care, custody, and control" of their two minor children, "L.M. and J.M." was granted to Ms. Murphy. Plaintiff

---

[1]The "*Rooker-Feldman* Doctrine" prohibits a Federal District Court from hearing an appeal of a case already litigated in State Court, even if the State Court judgment might have been erroneous. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See also, Gottfried v. Medical Planning Services, Inc.*, 142 F.3d 326 (6th Cir. 1998).

[2]The following facts are taken from Defendants' Statement of Undisputed and Material Facts (Docket No. 21-2), to which Plaintiff failed to respond.

5

was ordered to pay $50.00 per week in child support and given the right to visit his children. When Plaintiff attempted to visit the children, Mr. Baker (the children's maternal grandfather), threatened to have him arrested. Because of Mr. Baker's threats, Plaintiff ended all contact with his children for thirteen years and five months and stopped paying child support soon thereafter.

On May 9, 1997, the Humphreys County Juvenile Court placed the children in the temporary custody of Mr. Baker and ordered the Department of Children's Services to supervise the custody. Minor child "G.M." had been living with Mr. Baker since September 1996, while minor child "L.M." had been living with Mr. Baker since May 7, 1997. Ms. Murphy petitioned the Juvenile Court to regain custody of the children on September 22, 1997. Her petition was denied and custody remained with Mr. Baker. Ms. Murphy retained visitation rights, but the Order did not mention Plaintiff.

On July 30, 1998, the Juvenile Court relieved the Department of any duty to provide supervision or other protective services.

In 2007, Plaintiff discovered that the children were living with the Bakers and, on March 30, 2007, filed a petition seeking custody of them. On April 17, 2007, Plaintiff was arrested when he appeared in Court for a hearing. Plaintiff was released on bond and the charges were eventually dropped. Plaintiff abandoned his petition for custody and his petition was dismissed on June 20, 2007.

On December 13, 2007, a petition to set support was filed with the Juvenile Court. Plaintiff was served with this Petition on December 20, 2007. On March 5, 2008, the Juvenile Court entered an Order requiring Plaintiff to pay $31,635.00 in back support.

### III. Applicable Law and Analysis

6

As an initial matter, although Plaintiff has filed a Response to Defendant's Motion for Summary Judgment, he has failed to respond to Defendant's Statement of Undisputed and Material Facts (Docket Entry No. 21-2). With respect to Motions for Summary Judgment specifically, Local Rules 8(b)(7)(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
> . . .
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Pursuant to Local Rule 8(b)(7)(g), Plaintiff's failure to respond to Defendant's Statement of Undisputed and Material Facts indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential

element of the opposing party's claim.  *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.  When this occurs, the moving party is entitled to summary judgment as a matter of law.  *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

It is undisputed that Defendant Sanders is a Humphreys County Probate and Juvenile Court Judge.  Judicial immunity protects judges of general jurisdiction from being held civilly liable for their judicial acts, even though their acts may be in excess of their jurisdiction or allegedly done maliciously or corruptly.  *See Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213 (1967).  *See also Bradley v. Fisher*, 80 U.S. 335 (1872).  Thus, if the judge has jurisdiction over the case and acts within the scope of his judicial duties, the judge is immune from liability.  *See Kurz v. State of Michigan*, 548 F.2d 172, 174 (6th Cir. 1977).

8

Case 3:08-cv-01122   Document 39   Filed 04/30/09   Page 8 of 10 PageID #: 238

Defendant Sanders presided as the judge over the custody matters of Plaintiff's minor children. Ruling on those matters was within the scope of his judicial duties. Thus, even if Plaintiff could establish that Defendant Sanders somehow deprived him of a constitutionally protected right, Defendant Sanders, as a juvenile court judge, is entitled to absolute judicial immunity because the conduct of which Plaintiff complains was taken in his official judicial capacity and with proper jurisdiction. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997)). Accordingly, Plaintiff cannot sustain his claims against Defendant Sanders.[3]

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[3]Defendant Sanders raises several other grounds for dismissal. Because Defendant Sanders is judicially immune, however, the Court will not discuss the alternative grounds.

9

_____
E. CLIFTON KNOWLES
United States Magistrate Judge