UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **LESTER G. MURPHY, SR.,** ) | |
| ) | |
| Plaintiff, ) | No. 3:08-1122 |
| v. ) | JUDGE ECHOLS |
| ) | |
| **HUMPHREYS COUNTY JUVENILE** ) | |
| **COURT, JUDGE ANTHONY SANDERS,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on April 30, 2009 (Docket Entry No. 39), recommending that the Court grant Defendant Anthony Sanders' Motion For Summary Judgment (Docket Entry No. 21). Plaintiff Lester G. Murphy, Sr., acting *pro se*, filed objections to the R&R (Docket Entry No. 40), to which Defendant Sanders filed a response (Docket Entry No. 41).

Federal Rule of Civil Procedure 72(b) requires a party to make "specific written objections to the proposed findings and recommendations." When a party makes such objections, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

Because Plaintiff did not respond to Defendant Sanders' Statement of Undisputed & Material Facts (Docket Entry No. 21-2), the Magistrate Judge accepted the undisputed facts stated by Defendant Sanders as true, as permitted by Local Rule. The Magistrate Judge concluded that

1

Defendant Sanders, who is a Humphreys County Probate and Juvenile Court Judge, acted in his judicial capacity with proper subject matter jurisdiction concerning all events relating to Plaintiffs' claims of due process deprivations in child custody and child support determinations. The Magistrate Judge also noted that the district court could not decide constitutional issues if doing so required a finding that the underlying state court judgment was improper, Lawrence v. Welch, 531 F.3d 364, 371 (6th Cir. 2008); thus, the Rooker-Feldman doctrine would apply to the extent Plaintiff's present constitutional claims require the Court to review the merits of the underlying state orders entered by Defendant Sanders. As a result of these conclusions, the R&R recommends granting summary judgment in favor of Defendant Sanders on the ground of absolute immunity. Although Defendant Sanders raised many other grounds for summary judgment in his legal memorandum, the Magistrate Judge determined those grounds for relief need not be reached where absolute immunity bars Plaintiff's claims.

Plaintiff made various objections to the R&R and asked the Court to give a liberal construction to his *pro se* filings. The Court reviewed the entire summary judgment record and grants Plaintiff the liberal construction of his pleadings that he requests.

The Court finds no error of fact or law in the R&R. The Magistrate Judge followed Federal Rule of Civil Procedure 56 and summary judgment cases in evaluating Plaintiff's response to the summary judgment motion. Defendant Sanders, as a state court judge, is clearly entitled to absolute immunity for his actions taken within the jurisdiction of his court and in the course of his judicial duties. In response to the motion for summary judgment and in his objections to the R&R, Plaintiff does not dispute that Defendant Sanders acted in his capacity as a judicial officer in the scope of his jurisdiction and duties. These are the only facts that truly affect the absolute immunity defense.

2

Plaintiff seems to believe that he can resist the summary judgment motion simply by arguing that Defendant Sanders violated Plaintiff's federal right to due process when he entered orders concerning the placement and custody of Plaintiff's children and ordered Plaintiff to pay back child support. To proceed directly to these issues would place the Court in the very situation that Lawrence forbids. Moreover, proceeding to the merits of Plaintiff's due process claims would eviscerate the affirmative defense of absolute judicial immunity raised by Defendant Sanders, which is an immunity *from suit*.

Having reviewed Plaintiff's objections, the Court determines the R&R should be adopted. Accordingly, the Court rules as follows:

(1) Plaintiff's objections to the R&R (Docket Entry No. 40) are hereby OVERRULED;

(2) the R&R entered on April 30, 2009 (Docket Entry Nos. 39), is hereby ACCEPTED;

(3) Defendant Anthony Sanders' Motion For Summary Judgment (Docket Entry No. 21) is hereby GRANTED; and

(4) the case is hereby returned to the Magistrate Judge for further proceedings under the Order of reference. (Docket Entry No. 14.)

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE