IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LESTER G. MURPHY, SR., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-01122 |
| ) | Judge Echols / Knowles |
| ) | |
| THE HONORABLE ANTHONY SANDERS, ) | |
| HUMPHREYS COUNTY JUVENILE COURT; ) | |
| MIKE LEAVITT, US DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES; AND ) | |
| VIOLA P. MILLER, COMMISSIONER FOR ) | |
| THE TENNESSEE DEPARTMENT OF ) | |
| CHILDREN'S SERVICES, ET AL., ) | |
| ) | |
|     Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed by Defendant Viola P. Miller, Commissioner for the Tennessee Department of Children's Services. Docket Entry No. 9. Along with that Motion, Defendant has filed a supporting Memorandum of Law. Docket Entry No. 10.

Plaintiff has filed a Response opposing Defendant's Motion to Dismiss. Docket Entry No. 13.

Plaintiff filed this pro se action alleging, *inter alia*, that Defendants violated his parental rights, and that the Juvenile Court and the "agencies involved" failed to follow due process procedures. Docket Entry No. 1. Plaintiff essentially complains that, as part of his 1993 divorce, his former wife was granted custody of their two minor children. She was living at the

1

residence of her father, Larry W. Baker, who allegedly threatened Plaintiff with physical injury or being jailed.

Some thirteen years later, presumably in 2006, Plaintiff discovered that Mr. Baker had taken custody of the minor children from Plaintiff's ex-wife "some ten years prior." Plaintiff learned, however, that the children had "expressed an interest in coming to live with Plaintiff." Plaintiff, therefore, filed a petition for custody of the children on March 30, 2007. He avers that, on the first hearing date, he "was jailed." Mr. Baker also discouraged Plaintiff from pursuing the petition for custody.

In January 2008, one of the children ran away from the Bakers, came to Nashville, and expressed the desire to live with Plaintiff. Plaintiff stated that such a move would required "legal proceedings," whereupon the child "threatened to kill himself if Plaintiff returned him to Larry Baker." The child, however, was "released" to Mr. Baker. Plaintiff further states:

> In October 2008, Plaintiff received two letters from Child Support Enforcement in Ashland City. The letters stated a revocation of Plaintiff's driver's license would occur if payment [presumably of past child support] was not made. After contacting Child Support Enforcement, Plaintiff went to the Humphrey's County Juvenile Clerk and obtained a copy of the judgment for support and arrearage on October 24, 2008.

Docket No. 1, p. 4.

Plaintiff seeks: 1) custody of his minor children; 2) declaratory relief; 3) injunctions including a provisional remedy against all parties who can escalate punitive actions against Plaintiff; 4) reversal of support arrearage judgment; 5) a "writ of Pendent Jurisdiction against Humphrys County Juvenile Court and the Tennessee Department of Children's Services"; 6) $4,000,000.00 in compensatory damages; 7) $10,000,000.00 in punitive damages; 8) that the

2

State of Tennessee provide 10 years of family and individual counseling services for Plaintiff's family; 9) the "appointment of a Special Prosecutor to investigate criminal wrongdoing and to discover who perpetrated the acts in question, and to discover if there are other cases where such monumental abuses of discretion exit"; and 10) Court appointed counsel. *Id.*

Defendant Miller argues that all claims against her should be dismissed because: 1) she is immune from suit for money damages pursuant to the Eleventh Amendment; 2) the Department of Children's Services ("Department") had no duty to provide child protective services for the Plaintiff's benefit or for his children; and 3) Plaintiff's allegation that the Department violated his civil rights by failing to provide protective services is time-barred by the one-year statute of limitations. Docket Entry No. 10. Defendant also argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that Plaintiff's remaining Motions should be denied. *Id.*

As grounds for her Motion to Dismiss, Defendant asserts Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket Entry No. 9. Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction, while Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.

When challenging a court's subject matter jurisdiction under Rule 12(b)(1), a defendant may either facially attack the plaintiff's complaint by testing the sufficiency of the pleading itself, or by arguing the existence or non-existence of facts that would deprive a court of subject matter jurisdiction. *See Smith v. Northwest Airlines, Inc.*, 141 F. Supp. 2d 936, 939-40 (W.D. Tenn. 2001) (citations omitted).

Rule 12(b)(6) permits a defendant to test whether, as a matter of law, the plaintiff is

3

entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. V. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

Even though Plaintiff's Complaint does not contain a jurisdictional statement, it seems obvious that his claims are brought pursuant to 42 U.S.C. § 1983. In his Response to the Motion to Dismiss, Plaintiff also cites 28 U.S.C. § 1331, and he states that, "The subject matter is entirely Constitutional in nature." Docket No. 13, p. 2-3. Plaintiff further cites "Article 3, Sec. 2 of the U. S. Constitution" as a jurisdictional basis. *Id*., p. 4-5.

Plaintiff names Commissioner Miller as a Defendant on the first page of his Complaint. Docket No. 1, p. 1. Plaintiff, however, makes no reference to Commissioner Miller in the body of the Complaint. Fed. R. Civ. P. 8(a)(2) provides:

4

>   (a) Claim for Relief. A pleading that states a claim for relief must
>   contain:
>
>   . . .
>
>   (2) A short and plain statement of the claim showing that the
>   pleader is entitled to relief . . . .

Because Plaintiff neglects to specify any acts or omissions by Defendant, or how she may have been involved in the matters that underlie his claims, or how she might be involved in any injunctive or declaratory relief that may be afforded to Plaintiff, he has failed to state a claim upon which relief can be granted against her.

Additionally, Plaintiff's Response to the instant Motion states in relevant part:

> If Commissioner Miller can be held accountable for the actions of her Department on any level, it is the goal of the Plaintiff to pursue it as this Court will allow. At page 5, paragraph 2, defense counsel points out that Commissioner Miller is not mentioned. Plaintiff contends that whenever the Department is mentioned, this constitutes a mention of the Commissioner as she is the top official and ultimately responsible for the actions of her Department.

Docket No. 13, p. 6.

To the extent that Plaintiff seeks to sue Commissioner Miller on a theory of "supervisory liability," such liability cannot be based on respondeat superior, but only on the supervisor's own wrongful acts or omissions. *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 694 n.58 ("By our decision in *Rizzo v. Goode*, 423 U.S. 362 (1976), we would appear to have decided that the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability."); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) "(citing *Rizzo v. Goode* for the proposition that a "general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983"); *Gregory v. City of*

5

*Louisville,* 444 F.3d 725, 751 (6th Cir. 2006) ("Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. . . . Rather, the supervisors must have actively engaged in unconstitutional behavior. . . . Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence.") (citations and internal quotation marks omitted). Because Plaintiff has not provided any factual basis that would satisfy the requirements of supervisory liability, Plaintiff has failed to state a claim upon which relief can be granted.

Furthermore, the instant Motion is based in part upon the argument that, under the Eleventh Amendment and the doctrine of sovereign immunity, the State itself cannot be sued in federal court, for violations of federal or state law, without its consent. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89 (1984). The Supreme Court has also held that "when the State is named as the Defendant, a suit against State officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Halderman,* 465 U.S. 89 at 102. While there are certain exceptions to the Eleventh Amendment and the doctrine of sovereign immunity, none of those exceptions is applicable in the case at bar.

The Eleventh Amendment and the doctrine of sovereign immunity also bar claims for damages by Plaintiff in this Court based upon 28 U.S.C. § 1331 or based directly upon Article 3, Sec. 2 of the U.S. Constitution. In any event, neither of these theories would aid Plaintiff in this action because: (1) Plaintiff cannot bring a direct cause of action for alleged violations of his Constitutional rights, but must instead raise such claims under 42 U.S.C. § 1983 (*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987),

6

*vacated on other grounds*, 488 U.S. 1036 (1989)); and (2) Article III of the Constitution is not self-executing, at least with respect to the lower federal courts, and it cannot provide a basis for this Court's jurisdiction (*Kline v. Burke Construction Co.,* 260 U.S. 226, 234 (1922)).

Finally, even assuming that Plaintiff could sue Commissioner Miller for actions taken by the Department, it appears that Plaintiff's main claim against the Department relates to its alleged "failure to intervene" after the Juvenile Court awarded custody of Plaintiff's children to the Bakers on July 9, 1998. Any claims Plaintiff seeks to raise under § 1983 are subject to a one year statute of limitations. *See Berndt v. State of Tennessee,* 796 F.2d 879, 881 (6th Cir. 1986); TCA § 28-3-104(a)(3). Clearly, any claims relating to matters that occurred in 1998 are barred by the statute of limitations, as the instant action was not filed until November 21, 2008.

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

7

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

8