UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LESTER G. MURPHY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:08-1122 |
| v. | ) | JUDGE ECHOLS |
| | ) | |
| HUMPHREYS COUNTY JUVENILE | ) | |
| COURT, JUDGE ANTHONY SANDERS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on August 5, 2009 (Docket Entry No. 59), recommending that the Court grant the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Viola P. Miller, Commissioner for the Tennessee Department of Children's Services ("Commissioner Miller" and "the Department"). The Magistrate Judge reasons that dismissal is appropriate because Plaintiff's Complaint simply names Commissioner Miller as a Defendant and does not make any factual allegations against her in the body of the Complaint as required by Federal Rule of Civil Procedure 8(a)(2); Plaintiff cannot sue Commissioner Miller on a theory of supervisory liability; Plaintiff's constitutional claims, which appear to be brought against Commissioner Miller in her official capacity and against the Department, are barred by the doctrine of sovereign immunity; and Plaintiff's claims against Commissioner Miller and the Department are barred by the one-year statute of limitations applicable to section 1983 actions.

Plaintiff Lester G. Murphy, Sr., acting *pro se*, filed a "Motion Response To Report and Recommendation Document #59" (Docket Entry No. 60), which the Court construes as Plaintiff's

1

objections to the R&R. Commissioner Miller filed a response to Plaintiff's objections. (Docket Entry No. 62.) Plaintiff's objections center on three points: (1) Plaintiff meant to sue the Department and not Commissioner Miller; the suit is not barred by the doctrine of sovereign immunity because the Tennessee Constitution preserves a citizen's right to sue the State; and (3) the suit is not barred by the statute of limitations.

Federal Rule of Civil Procedure 72(b) requires a party to make "specific written objections to the proposed findings and recommendations." When a party makes such objections, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). The Court has conducted the necessary *de novo* review. All of Plaintiff's objections are without merit.

Even if Plaintiff meant to sue the Department and not Commissioner Miller, the Eleventh Amendment to the U.S. Constitution prohibits a suit in federal court against a state or its agencies and officers acting in their official capacities, regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it. See Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). Thus, the Magistrate Judge properly ruled that Plaintiff's section 1983 claims, whether brought against the Department or Commissioner Miller in her official capacity, are barred by the doctrine of sovereign immunity.

Additionally, the Tennessee Constitution does not save Plaintiff's claims. That document provides that "[s]uits may be brought against the State in such manner and in such courts as the

2

Legislature may by law direct." Tenn. Const., art. I, § 17. The Tennessee General Assembly has expressly forbidden any party from suing the State or a State officer "with a view to reach the state, its treasury, funds, or property[.]" Tenn. Code Ann. § 20-13-102(a). Consequently, Plaintiff does not have a private right of action against the State guaranteed by the Tennessee Constitution.

Finally, Plaintiff's lawsuit is time-barred by the Tennessee one-year statute of limitations for violations of civil rights or personal injury. Tenn. Code Ann. § 28-3-104(a); Berndt v. State, 796 F.2d 879, 881 (6th Cir. 1986). As a general rule, the limitation period begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action. Eidson v. State of Tenn. Dept. Of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007). A cause of action accrues when the typical lay person is alerted to protect his rights. Id.

Plaintiff's claims against the Department and Commissioner Miller arise from a July 9, 1998 Juvenile Court order awarding custody of his children to his former in-laws, the Bakers. Plaintiff claims the Department had a duty to provide services to his children and failed to intervene to provide such services. Plaintiff admits in his Complaint that he was aware the Bakers had been granted custody of the children by March 30, 2007, when he filed a petition in state court seeking to be awarded custody of the children. Thus, Plaintiff's cause of action against the Department accrued on that date at the latest. Plaintiff did not file the instant Complaint, however, until November 21, 2008, more than one year later. Thus, the Magistrate Judge correctly determined that the statute of limitations bars Plaintiff's claims. Accordingly, the Court rules as follows:

(1) Plaintiff's "Motion Response To Report and Recommendation Document #59" (Docket Entry No. 60), which the Court construes as objections to the R&R, are hereby OVERRULED;

(2) the R&R entered on August 5, 2009 (Docket Entry Nos. 59), is hereby ACCEPTED;

(3) the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Viola P. Miller, Commissioner for the Tennessee Department of Children's Services (Docket Entry No. 9) is hereby GRANTED and Commissioner Miller is hereby DISMISSED WITH PREJUDICE for Plaintiff's failure to state a claim against her under Rule 12(b)(6);

(4) based on Plaintiff's assertion that he meant to sue the Tennessee Department of Children's Services, Plaintiff's federal claims against the Department are hereby DISMISSED WITH PREJUDICE for Plaintiff's failure to state a claim against the Department under Rule 12(b)(6);

(5) the Court declines to exercise supplemental jurisdiction over any state law claims, 28 U.S.C. § 1367; and

(6) the case is hereby returned to the Magistrate Judge to rule on any remaining motions and to resolve the status of named Defendant Mike Leavitt, U.S. Department of Health & Human Services.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4

Case 3:08-cv-01122 Document 63 Filed 09/18/09 Page 4 of 4 PageID #: 332