IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LESTER G. MURPHY, SR.,             )
                                    )
            Plaintiff,              )
                                    )
                                    )
vs.                                 )    CASE NO. 3:08-1122
                                    )    JUDGE ECHOLS/KNOWLES
                                    )
                                    )
ANTHONY SANDERS, et al.,            )
                                    )
            Defendants.             )

## REPORT AND RECOMMENDATION

On September 18, 2009, Judge Echols returned this action to the undersigned "to rule on any remaining Motions and to resolve the status of named Defendant Mike Leavitt, U.S. Department of Health & Human Services." Docket No. 63, p. 4.

It is apparent from the record that the pro se Plaintiff has not properly served Mr. Leavitt who was, at the time of the filing of the Complaint, the Secretary of Health & Human Services. *See* Fed. R. Civ. P. 4(i). The record shows that Mr. Murphy served the Summons and Complaint upon Mr. Leavitt by "USPS Certified Mail." Docket No. 3, p. 3. While the undersigned could order Plaintiff to properly serve Mr. Leavitt, it would be futile to do so.

Section 1915(e)(2) of Title 28, provides in relevant part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> . . .

> (B) The action or appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Mr. Leavitt and/or the United States Department of Health & Human Services. Mr. Leavitt is mentioned only once in the style of the Complaint. Docket No. 1, p. 1. There are no substantive allegations against Mr. Leavitt in the Complaint.

Additionally, Plaintiff fails to make any factual allegations regarding the U.S. Department of Health & Human Services, and he fails to seek any specific relief against that Department. He cites a number of state statutes, none of which appears to have anything whatsoever to do with the U.S. Department of Health & Human Services. He also refers to 42 U.S.C. §§ 629a, 671(15)(A)(D)(E) [*sic*],[1] 675(1)(A)(B)(E), 5(A-C), but he provides no facts to support a claim that Commissioner Leavitt and/or the U.S. Department of Health & Human Services violated any of the referenced federal statutes. In fact, § 629a and § 675 are "Definitions" sections that do not appear to provide any substantive requirements. Additionally, § 671 merely provides that a state, in order to be eligible for payments under 42 U.S.C. § 670 *et seq.*, shall have certain required provisions in a plan approved by the Secretary. Once again, Plaintiff provides no factual allegations to support any such claims.

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some

---

[1] Plaintiff appears to be citing § 671(a)(15)(A)(D)(E).

viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 137 L.Ed.2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it as not "shown[n]" – "that the pleader is entitled to relief."

129 S.Ct. at 1949-50, 173 L. Ed.2d at 884 (citations omitted).

As discussed above, Plaintiff fails to supply even "mere conclusory statements," much less actual facts, that could state a claim upon which relief could be granted as to Mr. Leavitt and/or the U.S. Department of Health & Human Services.

For the foregoing reasons, the undersigned recommends that Plaintiff's claims against Mr. Leavitt and/or the U.S. Department of Health & Human Services be DISMISSED for failure to state a claim upon which relief can be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge